UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMILY MISNER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2055** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION "I" (3)** |

## REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

## I.     BACKGROUND

Plaintiff filed an application for a period of disability and DIB on June 1, 2012, alleging a disability onset date of April 14, 2012. (Adm. Rec. at 187-95). Plaintiff alleged disability due to lumbar fusion, cervical fusion, depression, carpal tunnel syndrome, sleep apnea, and "staph infection surgeries." (*Id.* at 237). Plaintiff, born on May 22, 1970, was 41 years old on the date on which she alleged disability and 43 years old at the time of the final administrative decision. (*Id.* at 189). Plaintiff completed two years of college and earned an associate's degree in mortuary science. (*Id.* at 238). Plaintiff has past work experience as an embalmer, a membership solicitor, and a waitress.

(*Id.* at 22-23).

Defendant initially denied plaintiff's application on September 12, 2012 and on reconsideration on November 20, 2012. (*Id.* at 100-01). Plaintiff sought an administrative hearing, which defendant held on May 9, 2013. (*Id.* at 29-66). Plaintiff and a vocational expert ("VE"), Dr. Crystal Younger, testified at the hearing.

On August 8, 2013, the administrative law judge ("ALJ") issued a decision in which she found that plaintiff had not been disabled through the date of the decision. (*Id.* at 14-24). In the decision, the ALJ concluded that plaintiff has the severe impairments of status post anterior cervical disectomy and fusion in the cervical spine, status post posterior lumbar interbody fusion at multiple levels in the lumbar spine, degenerative joint disease of the right knee status post arthroscopic surgery, and obesity. (*Id.* at 16). The ALJ held that plaintiff does not have an impairment that meets or medically equals a listed impairment under the regulations. (*Id.* at 18). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following constraints: She can lift and/or carry 10 pounds occasionally and less than ten pounds frequently; can stand and/or walk for two hours in an eight-hour workday; can sit for six hours in an eight-hour workday; can never climb ladders, ropes, and scaffolds or crawl; and can occasionally climb ramps and stairs, stoop, kneel, and crouch. (*Id.* at 19). The ALJ concluded that plaintiff can not perform her past relevant work but that there are jobs that exist in significant numbers in the national economy that plaintiff can perform and that she can perform the full range of sedentary work. (*Id.* at 23). The ALJ thus denied plaintiff DIB. (*Id.* at 23).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. (*Id.* at 9-10). On May 22, 2014, the Appeals Council denied plaintiff's request. (*Id.* at 3-8). Plaintiff then timely filed this civil action.

## II.     STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other

conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

**III.    ENTITLEMENT TO BENEFITS UNDER THE ACT**

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered disabled only if her physical or mental impairment is so severe that she is unable to do not only her previous work, but can not, considering her age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which she lives, whether a specific job vacancy exists, or whether she would be hired if she applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from

engaging in any substantial gainful activity.  *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).  If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy.  *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).  Step V also requires the Commissioner to use the medical-vocational guidelines to make her disability determination.  *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## IV.  ISSUES ON APPEAL

There are three issues on appeal:

(1)   Whether the ALJ erred when she concluded that plaintiff's mental impairment is not severe.

(2)   Whether substantial evidence supports the ALJ's RFC finding.

(3)   Whether the ALJ erred when she concluded that plaintiff can perform other work existing in significant numbers in the nations economy.

## V.  ANALYSIS

**1.   Whether the ALJ erred when she concluded that plaintiff's mental impairment is not severe.**

**2.   Whether substantial evidence supports the ALJ's RFC finding.**[1]

Plaintiff contends that the ALJ erred when she concluded that plaintiff's depression results in only mild limitations in her ability to function in the domains of social functioning, activities of daily living, concentration, persistence, and pace, and has not resulted in any episode of decompensation. As noted above, the ALJ determined that plaintiff had the following severe impairments: status-post anterior cervical discectomy and fusion in the cervical spine; status-post

---

[1]   The Court considers these two issues in tandem as the severity of plaintiff's depression is intricately intertwined with the Commissioner's RFC determination.

posterior lumbar interbody fusion at multiple levels in the lumbar spine; degenerative joint disease of the right knee, status-post arthroscopic surgery; and obesity. (Adm. Rec. at 16). She also considered plaintiff's depression and determined that this impairment was not "severe" within the meaning of *Stone v. Heckler* and the governing regulations.  (*Id.* at 16-18); *see Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985); 20 C.F.R. § 404.1520(c).  Under *Stone*, to be found "not severe," an impairment must be no more than a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *See Stone*, 752 F.2d at 1101 ("[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.") (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)).

  The ALJ acknowledged that plaintiff has been diagnosed with depression. (Adm. Rec. at 17-18). But it is well-established case law that a diagnosis does not automatically mean disability. *See Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) ("The suffering of some impairment does not establish disability; a claimant is disabled only if she is 'incapable of engaging in *any* substantial gainful activity.'" (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986) (emphasis in original). To prove that she is disabled, a claimant must furnish evidence of functional limitations that prevent her from performing any substantial gainful activity. *See id.*  Here, and as discussed below with regard to the Commissioner's RFC determination, the Court finds that plaintiff has provided no credible evidence of disabling mental limitations.

Plaintiff chiefly complains that the ALJ erred when she discredited the evidence from Hunter Hansen, Psy.D., a consultative psychologist who evaluated her in August 2012. (Adm. Rec. at 17-18, 422-25).  Notwithstanding plaintiff's argument to the contrary, the Court finds that the ALJ properly evaluated the evidence from Hansen. Plaintiff cites to evidence in the record that she took the antidepressant Cymbalta before the relevant period. (*Id.* at 282-284, 300, 307).  However, during the relevant period, the results of plaintiff's consultative psychological evaluation were unremarkable. (*Id.* at 17, 422-425).  As the ALJ observed, "the mental status examination reflects adequate grooming, normal behavior, cooperative attitude, normal attention and concentration, normal psychomotor activity, normal speech, logical thoughts, fair judgment, intact memory, fair insight, and average intellectual functioning." (*Id.* at 17, 423-424).  Indeed, even Hansen's opinion supports the ALJ's conclusion.  Hansen opined that plaintiff had a good ability to understand, remember, and carry out simple or detailed instructions; a fair ability to maintain attention to perform simple, repetitive tasks for two-hour blocks of time; a fair ability to sustain effort and persist at a normal pace over the course of a routine 40-hour workweek; a fair ability to relate to others, including supervisors and co-workers; and a fair to poor ability to tolerate the stress and pressure associated with day-to-day work activity and demands. (*Id.* at 17-18, 424-425).

While the above evidence supports the ALJ's conclusion that plaintiff's mental impairment is not severe, the ALJ correctly gave little weight to other opinions of Hansen, given that they were unsupported by the medical evidence of record, relied too heavily on plaintiff's self-serving

representations,[2] and were inconsistent with other evidence, including the evidence that plaintiff can engage in a variety of daily activities. (*Id.* at 17-18). Indeed, the ALJ noted that plaintiff "has described daily activities which are not limited to the extent one would expect," given her allegations of disability. (*Id.* at 21). For example, "[t]he claimant is able to do laundry, do dishes, cook simple meals, clean with breaks, drive locally, shop for groceries and household items one to two times a week, manage her finances, watch television, and visit with family and friends." (*Id.* at 21, 211-221, 399). An ALJ may consider a claimant's daily activities when he or she determines the claimant's disability status or the severity of a condition. *See Leggett*, 67 F.3d at 565. Moreover, uncorroborated subjective complaints by a claimant can not form the basis of a disability claim. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

Using the special technique that the regulations provide, the ALJ found that the evidence of record supported a finding that plaintiff has mild restrictions in her activities of daily living; mild limitations in social functioning; mild limitations in maintaining concentration, persistence, or pace; and no episodes of decompensation. (*Id.* at 17); 20 C.F.R. § 404.1520a(c)(3). A determination of no severe mental impairment generally follows from such findings. 20 C.F.R. § 404.1520a(d)(1). For these reasons, plaintiff has failed to show that her mental impairment would have interfered with her ability to work during the relevant period. It is thus not severe enough to influence the ALJ's

---

[2] At one point, the ALJ explained that plaintiff reported that she was taking the medication Cymbalta at a 50 mg. dose for her mental impairments. (Adm. Rec. at 18). However, the ALJ explained that "there is no evidence of a prescription for Cymbalta and this medication does not come in a 50 mg dose." (*Id.* at 18). There is, however, evidence in the record that plaintiff had taken Cymbalta at a 60 mg. dose, but before the relevant period. (*Id.* at 282-84).

RFC determination.

The determination of the RFC is an administrative assessment – based on the totality of the evidence – of the extent to which a claimant's impairments and related symptoms affect her capacity to perform work-related activities. 20 C.F.R. § 404.1545; Social Security Ruling ("SSR") 96-5p, 1996 WL 374183; SSR 96-8p, 1996 WL 374184. In this case, the Court finds that the ALJ based her RFC determination on the credible medical, testimonial, and documentary evidence of record. (*Id.* at 16-22). This evidence shows that, despite her allegations of disability, plaintiff has the ability to perform substantial gainful activity during the relevant period. (*Id.* at 19). The ALJ properly found that plaintiff can perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with the additional constraints as outlined in the ALJ's opinion. (*Id.* at 19). As noted above, the ALJ determined that plaintiff can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk for two hours in an eight-hour workday; sit for six hours in an eight-hour workday; occasionally stoop, kneel, crouch, and climb ramps or stairs; and never crawl or climb ladders, ropes, or scaffolds. (*Id.* at 19).

The Court finds that substantial evidence of record supports the ALJ's RFC determination. (*Id.* at 16-22). Justin Lundgren, M.D., a treating physician, opined that plaintiff "has limitations on sitting, standing, walking and lifting because she needs to constantly change positions; cannot lift more than 10 pounds; and cannot perform repetitive bending, squatting, or twisting; and cannot climb." (*Id.* at 22, 505). The ALJ gave "significant weight" to Lundgren's opinion because he "is a treating specialist and his opinion is supported by the claimant's history of surgery on her back and knee, ongoing complaints of pain, and her level of daily activity. Notably, [Lundgren's] opinion is

consistent with a sedentary residual functional capacity." (*Id.* at 22).

The ALJ also considered the evidence from Jose Simon, M.D., a consultative examiner who evaluated plaintiff in August 2012. (*Id.* at 17, 22, 398-402). The ALJ observed that Simon's evaluation revealed "normal hand and arm function, grip, pinch, grasp, handling, and fingering bilaterally." (*Id.* at 17, 401). Simon opined that plaintiff "should be able to push, pull, and reach with some limitation because of her right knee immobilization. In addition, he found that the claimant is unable to crouch, squat, and stoop." (*Id.* at 22, 401). The ALJ gave "significant weight" to Simon's opinion, because he "performed an examination of the claimant and his findings are consistent with her knee and back limitations." (*Id.* at 22). Moreover, the ALJ recognized that Simon's evaluation "occurred prior to [plaintiff's] most recent successful knee surgery, and as of December 2012 she had improved to the point that she did not need a cane." (*Id.* at 22).

The ALJ further considered the opinion of Timothy Honigman, M.D., a state-agency reviewing physician. (*Id.* at 22, 95-97). Honigman opined that plaintiff can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk for two hours in an eight-hour workday, using a cane; sit for six hours in an eight-hour workday; push/pull without limitation; occasionally climb ramps and stairs, stoop, kneel, and crouch; and never crawl or climb ladders, ropes, or scaffolds. (*Id.* at 22, 95-97). Honigman further opined that plaintiff has no manipulative, visual, communicative, or environmental limitations. (*id.* at 22, 96-97). Because Honigman "performed a comprehensive review of the medical evidence," the ALJ gave his opinion "significant weight." (*Id.* at 22). In addition, the ALJ also observed that "subsequent medical evidence demonstrates improvement in the claimant's knee condition after surgery in October 2012.

Notably, in December 2012 she was no longer using a cane." (*Id.* at 22).

The Court concludes that the ALJ properly considered the medical evidence of record, including the opinions of Lundgren, Simon, Honigman, and Hansen. (*id.* at 16-22, 95-97, 398-402, 422-425, 493-506). When the medical sources identified limitations that were supported and consistent with the evidence of record, the ALJ incorporated these limitations into her RFC determination by listing additional restraints to plaintiff's sedentary categorization. (*Id.* at 17-22). When the medical sources purported to identify limitations that were unsupported or inconsistent with the evidence of record, the Court finds that the ALJ appropriately discounted the medical sources' opinions. (*Id.* at 17-22); 20 C.F.R. § 404.1527(c) (stating the factors for the ALJ to consider when she weighs medical opinions). Throughout her brief, plaintiff points to evidence that the ALJ considered that supports her allegation of disability, but this Court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey*, 230 F.3d at 135. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas*, 503 U.S. at 112-13. "The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett*, 67 F.3d at 564. Here, the Court finds taht substantial evidence and relevant legal precedent support the ALJ's conclusions as to these two issues and rejects plaintiff's invitation to re-weigh the evidence.

### 3. Whether the ALJ erred when she concluded that plaintiff can perform other work existing in significant numbers in the nations economy.

Plaintiff contends that the ALJ erred at step five when she applied the Commissioner's medical-vocational guidelines ("Grids") to determine that plaintiff is not disabled and can perform sedentary work with additional limitations. Plaintiff maintains that because the ALJ's step-five finding (that she can perform other work in the national economy) is not supported by VE testimony, the ALJ failed to meet the Commissioner's burden of proof when she concluded that plaintiff can perform such work based on the application of Grid Rule 201.28. As noted above, at step five of the sequential evaluation process, the ALJ concluded that plaintiff can perform jobs that exist in significant numbers in the national economy. (*Id.* at 23). For the reasons outlined below, the Court finds that the ALJ's step-five analysis was proper.

When the findings of fact regarding a claimant's vocational factors and RFC coincide with all of the criteria of a particular Grid Rule, the rule directs a conclusion as to whether the claimant is disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00. Here, the ALJ concluded that plaintiff was 41 years old on her alleged disability onset date, has at least a high school education, can perform a wide range of sedentary work activity, and has at least unskilled work experience. (*Id.* at 23). Accordingly, Grid Rule 201.28 directed the conclusion that plaintiff is not disabled. (*Id.*); 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.28.

Plaintiff contends that the ALJ should not have used the Grids because she has non-exertional limitations. As demonstrated above, however, the ALJ identified all of the limitations that the evidence supported, and she incorporated these limitations into her RFC determination. (*Id.*

at 19). In addition, the non-exertional limitations that the ALJ identified for plaintiff do not preclude the application of the Grids.

The regulations define non-exertional limitations as those that affect a claimant's "ability to meet the demands of jobs other than the strength demands, that is, demands other than sitting, standing, walking, lifting, carrying, pushing or pulling." 20 C.F.R. § 404.1569a(a). Here, plaintiff's non-exertional limitations (*i.e.*, her ability to occasionally stoop, kneel, crouch, and climb ramps or stairs, and to never crawl or climb ladders, ropes, or scaffolds) are postural. (*Id.* at 19). "Postural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." SSR 96-9p, 1996 WL 374185. Thus, even though the ALJ incorporated non-exertional limitations into her RFC determination, Grid Rule 201.28 still mandated the conclusion that plaintiff is not disabled. (*Id.* at 19, 23); 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.28. Moreover, as the ALJ determined, a "vocational expert testified that [Plaintiff's] residual functional capacity is essentially the full range of sedentary work, despite the additional postural limitations. The additional limitations have little or no effect on the occupational base of sedentary work." (*Id.* at 23, 59-61). Consequently, a finding of "not disabled" is correct under the Grids, and the Court rejects any argument to the contrary.

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED,

the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 3rd day of September, 2015.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**